Good morning, your honors. May it please the court. Kirk Cooper on behalf of the appellant Claudia Valadez. This is an appeal from a 12 v 6 dismissal of Ms. Valadez's constitutional and state law tort claims against the City of Jacinto City and individual members of the Jacinto City Police Department. We contend that the district court here erred by dismissing Ms. Valadez's claims, which are based on injuries she sustained as a result of a high speed police chase for four reasons. First, Ms. Valadez properly stated a 14th amendment to process claim under both a bodily integrity theory and a state created danger doctrine theory. Second, qualified immunity does not preclude liability as to the individual defendants here, both because the notwithstanding clause of the originally enacted version of section 1983 prohibits such immunity and because even if the court moves forward and applies a clearly the relevant law here has been clearly established by a consensus of other courts as permitted by Ashcroft v. Elkid. Third, as to the Monell and failure to train claims, we believe that those have also been adequately stated as the policy is impermissibly vague. And finally, as to the City of Jacinto had adequate notice and we also have adequately stated a claim under a motor vehicle theory as shown by the El Paso Court of Appeals decision in Kanyalose v. City of El Paso. I will begin my argument today by addressing the state created danger and bodily integrity claims. Now, I do want to acknowledge that we are litigating in sort of an awkward procedural position. This court has not said there is a state created danger doctrine, but it has not not said there's a state created danger doctrine. In the last two en banc decisions from this court, the Fisher case and the Doe x Raul McKee case, this court stated that it was open to considering a state created danger doctrine claim provided it met two elements. The first element is that the defendant used their authority to create a dangerous environment for the plaintiff. Before we go through this, was state created danger doctrine actually pled, pleaded? Yes, your honor, it was pleaded. It was pleaded. In the original complaint, I believe it was count one or two. So it gives, does it give the elements or say how that they were met? Or is it kind of a passing reference? The, so count one does cite to the Fisher case. At paragraph 55, it says, for example, defendant Juarez Aguilera for their more useless authority to create an opportunity that would have not have existed for the third party's crime to occur. At paragraph 56, it says defendant caused Ben Faldez to endure extraordinary pain and suffering by recklessly pursuing a vehicle. And so at paragraph 55, it says defendant Juarez Aguilera's actions exhibited recklessness and thus deliberate indifference to the plight of Ms. Faldez. So does it say that Juarez Aguilera used his authority to create a dangerous environment or acted with deliberate indifference? Yes, it does. 54 says he exhibited recklessness and thus deliberate indifference. And then 55, excuse me, here, but for refusing to cease the chase that ensued when defendant Juarez Aguilera attempted to pull the subject vehicle over for its taillight being out, Ms. Faldez would not have been in the situation where she sustained extraordinary injury from a vehicle fleeing the police over a highly consequential traffic allegation here, the taillight being out. So we do believe in terms of content, we have pleaded sufficient factual matter to meet the two elements articulated in Fisher. But stepping back, I mean, the origin of the state-created danger theory in the Supreme Court was situations where people are imprisoned, and therefore the government has prevented the victim from being able to defend themselves. So it would be a little illogical to apply to a situation where the government, the defendant here, didn't have control of either the aggressor or the victim, right? The whole thing was pursuing. Do you see my point? In other words, the logic behind state-created danger is the government can't take away your ability to defend yourself, but then not defend you. Do you agree with that? I would disagree with that. I think that's one way of reading the state-created danger doctrine. But I think that taking a step back and doing it in the context of the substantive due process claim, Lewis talks about... Well, but let's not jump to substantive due process. Let's just stick with the logic behind state-created danger. And let me put the question this way. Other circuits do, of course. Every other circuit has recognized it. But when I'm looking at police vehicle injury cases, none of them do in that pursuit context. They arise where the government stops somebody, impounds the vehicle, and then drives off. And then the victim, a woman, gets raped because they've abandoned her. She can't defend herself. Have you come across any high-speed chase pursuits that are state-created danger cases? We have the Sowers v. Borough of Nesquihana case out of the Third Circuit. That case involved a high-speed police pursuit in which the Third Circuit applied the state-created danger doctrine to high-speed police chases such as this one. And so we would rely on that. And we're asking this court to consider that particular precedent in both adopting state-created danger doctrine and in applying it to high-speed police chases such as this one. Now, I do want to acknowledge that while briefing was ongoing in this case, a panel of this court decided Sterling v. City of Jackson, which I know has been certified... Or not certified is the wrong word, but it's been taken up for en banc review. However, we have briefed both state-created danger doctrine under the Fisher elements, and we have briefed it under the Sterling elements. And so the Sterling elements, we have four elements. First, that a state actor affirmatively acted to create or enhance a danger to the plaintiff. Second, that the actor acts created or enhanced a danger specific to the plaintiffs and distinct from the danger to the general public. The third is that the act... How is this distinct from a danger to the general public? We believe it is, Your Honor. And so we would point to the Seventh Circuit's decision in Reed. Reed involved another traffic situation, not quite like this, but in which police pulled over a drunk driver. They arrested the driver of the car, but they left the passenger of the car in possession of the vehicle. The passenger of the car was drunk. They let him drive off, and he drove off for some distance before striking and severely injuring another driver. In analyzing that particular requirement that it be limited to a particular plaintiff or a particular class of plaintiffs as opposed to the general public, the Seventh Circuit said that because the injury was foreseeable and because it was limited to an immediate area of time and scope around the vehicle, it wasn't necessarily a danger to the public at large. It was a danger to whoever is in the path of the vehicle. And so that distinguishes it from different cases that have been cited where, for example, a prison lets out a dangerous inmate, and the inmate goes on to kill somebody. In those types of cases, those are treated as a danger to the general public because it's not foreseeable which specific victim is going to be targeted. But it's how is it specific? How does the officer know who's in the road next near, whether they're going to turn on this road or go up on the sidewalk, or how do they know who the zone is that's different than just knowing the people of that community might be hit by the racing car? So I would have two responses to that. The first is that there, at least the Seventh Circuit, did not require the officers to know the specific path that the vehicle was going to take in order to find that it was a danger to a specific subset of the general public in making its ruling. But I would also note that in Lewis itself, the Supreme Court, in assessing the sort of analysis that a police officer needs to make in these high-speed cases, has acknowledged, and I'm quoting here, a police officer deciding whether to give chase must balance on one hand the need to stop a suspect and show that flight from the law is no way to freedom, and on the other hand, the high speed threat to all those within stopping range, be they suspects, the passengers, other drivers, or bystanders. So the Supreme Court itself has recognized there is a threat not only to the particular driver being pursued, but to people like my client who are innocent bystanders, who are in harm's way. So we believe that this particular balancing test is consistent with the State Created Danger Doctrine and consistent, if this Court were to adopt Sterling, with the requirement that it be focused on a particular plaintiff or class of plaintiffs as opposed to the public in large. How can we square that with the Court being summarily reversed by the Supreme Court in that case, I think it was a summary reversal, where they're shooting over the highway thing, it's the officers trying to get the car that's the high-speed chase, you know what I'm talking about? I think I know what you're talking about. And so even that, the Court said that we weren't supposed to second-guess the officers' determinations in shooting a gun over a overpass or something in a high-speed chase. That was, we weren't even supposed to second-guess the officers in that. So that's, we were reversed. So it seems to me that that's much more involving the officers being the ones shooting the gun in the direction of the public and in a dangerous situation than just the officers pursuing someone who continues to speed. So I think there are different sort of implications for different actions. A shooting, for example, may implicate Fourth Amendment concerns as to seizure, which would, you know, trigger a Graham analysis. State-created danger is sort of an alternative theory, and as with the bodily integrity theory that apply when other constitutional theories don't apply. So in this situation, right, we have not necessarily use of force, but a trigger of a police chase that injured our client. Now, it is a totality of the circumstances test. The Supreme Court says that in Lewis, it must be considered all totality of the circumstances. Again, we're arguing that the Sowers Court charts the right course. The Sowers, the police officer himself hit the victim. That is correct. So do you have any state-created danger case where it was the police officer chasing a fleeing felon? Is there anyone you have from any circuit? So we don't have any circuit. Let me, just because your time's running out, I'd love to talk about the Texas law. Yes, Your Honor. If you were in state court, what is the factor that would be most relevant to the Most suggests that the defendant's conduct was a substantial causative factor. Sure. So I believe that it was the initiation of a high-speed chase done recklessly. And so that's from Kandilo C. When you say done recklessly, that's sort of begging the question, because the sirens were on, correct? So it wasn't a failure to turn sirens on. So is there one factor you think, knowing Texas law better than I do, is most salient to support that it was a substantial causative factor? So I think it's, and I'm trying to answer your question in a concise way, but I think it's... Was it against the department's manual? Yeah, so there is, you know, it was against the pursuit manual to pursue based on a non-serious felony. It's only supposed to be serious So that's an undefined term, but that's factor one. Factor two is that the city of Jacinto is a very small, it's an enclave within the city of Houston, essentially kind of one main drag with a neighborhood off. And so the police officer pursued through the neighborhood at high speeds with speed bumps, with 10 mile an hour signs, which was similar to what happened in the Kandilo C case where the El Paso Court of Appeals found. It wasn't just a high-speed case. It wasn't just a high-speed chase. It was a high-speed chase... Did Kandilo C, did that predate, uh, is it Ms. Sparrow? Yes, it is Ms. Sparrow. Did Kandilo C predate the Texas Supreme Court? Yes, it did. It did. So when I read Ms. Sparrow, but correct me if you're, if you think I'm wrong, the Supreme Court is saying, sure, these are fact issues, improper for dismissal, all these different facts as to whether the police were reckless or not. But the emergency exception still exists. Is your response to that only waiver? They haven't asserted it here, or would they not get immunity because this wasn't an emergency? It's, it's both. So we don't believe that they properly asserted it, but even if they had, uh, the emergency exception here wouldn't apply because, again, this is, one, it's a fact issue. Texas treats it as a fact issue under plea to the jurisdiction, you know, uh, our, our sort of mixed summary judgment like dismissal procedure. But in addition to that, uh, I believe that all the factors that we've stated above would create a fact issue as to whether the emergency, uh, exception applies. Mr. Cooper, I've got a couple of questions. Yes, Your Honor. You mentioned a claim for bodily integrity at the beginning of your presentation, but I don't recall reading that anywhere in the briefs. Uh, I know it's from Sterling, which didn't come out after, until after your initial brief, but I didn't see it in your reply. Are you, are you asserting, have, where have you asserted a claim for bodily integrity or addressed it in your briefing? Sure. So I see that I am approaching out of time. May I, may I, uh, answer? Give me one second and I can get you that page number. I believe it was raised in the opening brief. Uh, issue two, uh, the district court erred by dismissing while this is fourth amendment substantive due process claim count two under rule 12B6. That's at page 42, where we have briefed the, uh, bodily integrities. We call it substantive due process, but that is essentially, you know, the secondary theory. So our primary theory is state created danger doctrine. Secondary theory is the general kind of backstop umbrella substantive due process bodily integrity Lewis theory. Did you ever use the term bodily integrity anywhere in your briefs? Uh, I am not sure if I use that specific term. I think we phrased it as substantive due process. But that's what you mean by it. Yes, Your Honor. All right. In accordance with Lewis, because Lewis frames it as bodily integrity, right to life. We think that those are all kind of subsumed within substantive due process. Okay. Then my second question is, uh, on the clearly established prong. Yes, Your Honor. Even if we were to accept your invitation to adopt the state created danger theory, uh, isn't the claim still for, isn't the officer still entitled to qualified immunity because it was not clearly established at the time of the conduct, which is the subject of your lawsuit? So we acknowledge that, uh, as of Fisher, this court has not officially acknowledged the state created danger doctrine is clearly established law. That being said, Ashcroft versus Alkid does allow this court to consider a consensus of other circuit courts. And so we provided this court with other circuits courts that have recognized the created danger doctrine generally. And to the extent that the court, uh, wants granularity or more specificity as to police chases, uh, specifically we have cited cases in the brief and I can provide those to the court. No, that's not necessary, but thank you. Uh, but didn't Fisher expressly reject your, your same argument here, uh, that out of circuit precedent clearly established due process right to be free from state created danger? We believe that the Ashcroft versus Alkid from the U.S. Supreme Court would control over that. I understand that the court is, is sort of bound by, uh, uh, horizontal stare decisis, vertical stare decisis issues. We would still urge the court to look to the Alkid standard. Uh, we do believe that it has still been clearly established, uh, and we would ask this court if for whatever reason you all decide or believe that you are bound on clearly establishment to nevertheless please write on the constitutional issue for the continued development of the law. And so with that, if there are no further questions, I will reserve the remainder of my time for rebuttal. Thank you. Okay. May it please the court and counsel. My name is Norman Giles. I represent the city of Jacinta City, police chief J.M. Ayala and police sergeant Jose Juarez Aguilera for being sued because the sergeant pursued a stolen vehicle. The, the, I believe the most direct way to deal with the entire lawsuit, the federal claims, is merely a cover to cover read of County of Sacramento versus Lewis because this case is exactly, uh, what's at issue here. Of course, in Lewis, what happened was an officer saw a man on a motorcycle with a passenger on the motorcycle. The officer pursued the fleeing motorcycle. After a pursuit, the motorcycle crashed and the police vehicle drove over the passenger that had been on the motorcycle. The plaintiff filed suit bringing a 14th amendment claim. And the Supreme Court decided the specific issue, the issue here. It basically established the issue in this case is whether a police officer violates the 14th amendments guarantee of substantive due process by causing death through deliberate or reckless indifference to the life in a high-speed automobile chase aimed at apprehending a suspect. We answer no. We hold that in such circumstances, only a purpose to cause harm unrelated to a legitimate object of arrest will satisfy the element of arbitrary conduct, conduct in the conscience necessary for due process violation. I believe the Supreme Court has spoken on this issue. And regardless of whether we call it a regular due process claim or a 14th amendment claim called state created danger, the Supreme Court has already established the standard for this. So any claim under the 14th amendment would be precluded by the Supreme Court's decision in the county of Sacramento v. Lewis under your approach? That's correct, Your Honor. And the case goes on. Cover to cover, this case has got important information in it that's relevant to this case. But basically the court also identified that there are different standards under the 14th amendment that basically hinge on the things that Judge Higginson raised earlier was, for example, in the context of being someone that they've detained, then the officials have time and to deliberate and make decisions. And they're also responsible for the people that they're detaining. In the instance of a police pursuit case, that's different because it requires quick responses by officers that have to react to circumstances. I'll tell you, I mean, you have plenty of time. My difficulty with the case is much more the state law claim. Because when I looked at Texas law, a lot of police chases, sadly and tragically, and there's quite a bit of developed law. But I didn't find any Texas case that stood for the proposition that you extract from our unpublished Pierce decision, that as the police vehicle itself isn't in the accident, there can't be liability. Do you have any Texas case that has said that? I don't believe that's actually the case. I believe that the case, the case, I do have cases that talk about that issue. And the significant issue is that the actual Tort Claims Act deals with, it has to be an injury caused by operation of the vehicle. And the cases do allow, in some instances, liability against the governmental entity if it's not the police vehicle that's actually being operated. But in all of those cases, the officer was actually controlling the other vehicle. For example, there's a case where the officer pulled someone over, then he directed that person to drive to the police station, and then that part... It seems like it's pretty developed Texas law we wouldn't want to disturb, that you go through all the factors asking whether or not any of them were substantial causes or substantial contributors to the accident. So here they do allege it was through a sort of pedestrian neighborhood. They do allege that it was two, three times the posted speed limit. They do allege that it was against the department manual. How is that proper to decide at the motion to dismiss stage? It's proper because, first off, because of the allegations in the lawsuit complaint. If you were to read the allegations in the complaint, they basically don't allege facts that Well, I just described the facts. Of course, we've read the complaint. I described the facts. I mean, they have the photos, they have multiple paragraphs, and so they describe factors that I'm seeing Texas courts consider. They may not prevail, but I can't find a single case that says the government wins at the motion to dismiss stage as long as the police vehicle itself didn't have impact. I can't tell you a case that says that. You can't. No. And the Supreme Court in Texas has dealt with these at least three times, Mispero, Mesquite, Leleau. Is that how you pronounce it? Leleau? Okay. So it's a really substantial area of state law, and I'm just not understanding how it could be resolved at this stage. And your argument is you acknowledge the various factors I've described, that they were pled, but what? But the police vehicle is a half a block away from the fleeing vehicle. The police vehicle is not being operated recklessly at the time of the collision. The police vehicle is not doing, is not, he's basically trying to catch up with the vehicle, and if you look at the photos that are from the vehicle camera in the police car... The minute we start doing that, those are fact disputes, if you look at the photos. There's no factual dispute at all because the photos actually depict what was happening at the time, and the photos depict that the police vehicle was nowhere near the accident. It's basically a half a block away, merely following the fleeing vehicle, and that's... So your proposition is it's essentially as if the chase had stopped. The driver of the vehicle that hits the victim had no idea and was not speeding because he thought he was being chased by the police. You're saying it's as if there was no chase? Is that what you're saying? No, that's not what I'm saying at all. What I'm saying is there has to be recklessness by the officer who's driving the vehicle, and it's not reckless. It doesn't require recklessness. It just requires that the injuries be approximately caused, arise from and be approximately caused by the government employee's operation or use of the vehicle. That's to plead that. But the emergency exception in the Tort Claims Act is... Okay, and that's the direction you would have to go, but they do argue that you never asserted immunity below. Did you or not? Yes, we did, and the cases that are cited that dealt with that have to do with the emergency exception. Where did you assert emergency exception in the district court? I can't say that at this point, but I can say, Your Honor, is that before we even get to this argument, they have to allege that they provide proper notice of claim here, and here they did not allege what's necessary to provide notice of claim. They only allege that they had an accident. They did not allege anything that showed that the city was responsible for the accident. So I want to make sure I get that in before I run out of my time, is that's an important thing before we even get to these other issues regarding operation of the vehicle. But again, all of the... Just merely following the vehicle a half a block away, although I'm not saying that he stopped the pursuit, I'm saying that he's not doing anything recklessly that could have caused this accident at the time of the accident. If you prevail, and I'm not saying you will, but if you prevail conclusively on all federal claims, what's wrong with remanding for the district court to reassess jurisdiction over the state law claim? I can't say there's anything that's wrong with you doing it that way, although it seems to me it's already... There's already a basis to dismiss those claims. I don't see a basis not to dismiss the claims. Okay, and the strongest basis to dismiss the state law claim is what? And it would really help if you'd cite a relevant Texas case, not 5th Circuit case, Texas law case, supporting dismissal in circumstances like this one. I'm sorry, if you could give me just one moment. Yeah, of course. Because in your brief, it's just citing our unpublished Pierce decision, which wasn't even a police chase. That's all right, you can go on. I mean, we have the cases you've cited. Okay, thank you. I want to talk about the notice of claim, if that would be okay. Certainly. If you've answered Judge Higgins's question. Your friend on the other side says that that's not a basis for 12B6 dismissal because they had actual notice and that that's fled in the 12B6. And that under 101.101C of the Texas Civil Practice and Remedies Code, that actual notice obviates the needs for the notice of the claims procedure. Yeah, the city's presumed to be immune unless there's a basis for waiver. One basis of waiver is the accident. But to support a claim against the city, they've got to get past 101.101 that requires them to give a notice of claim. The notice of claim has to be not just that someone was injured, but that that injury came from the, is the fault of the city. And what notice of claim does not have is anything indicating that the city was on notice that it was responsible for causing this accident. That's the thing that's deficient in the Texas Supreme Court cases that have addressed that notice of claim issue, have made it very clear that there has to be notice of the actual fault of the governmental entity. The district court noted the defendants had moved to dismiss the TTCA claims based on notice as well as the motor vehicle exception, but declined to address the notice issue and only address the motor vehicle exception. So back to Judge Higginson's point, would it be appropriate to remand for the district court to determine in the first instance whether the plaintiffs had adequately pled actual notice? I believe that it, I believe the content of the complaint demonstrates that. I believe what all the clients have done in the complaint is they've talked about the facts and then they inserted recklessness and deliberate indifference in different places, but that doesn't, they don't describe that the actual facts that show recklessness or deliberate indifference. So basically I think the face of the complaint solves that issue. I don't think a remand is necessary. If it is, then that's, of course that's the court's prerogative, but I don't think that's the, I don't think it's necessary. But they also sought leave to amend and this wouldn't be futile. The district judge didn't find that their request for leave to amend as they did it was appropriate. Basically they said if you rule against me on the motion to dismiss, then I just want a second bite at the apple. They had a right to amend earlier. As soon as the 12b-6 is filed, they have the right to amend. They could have done that if they thought they needed to, or they could have actually asked for, filed a motion asking the judge why they wanted to amend. Have they amended already? They had not amended, no. But they certainly were entitled to if they thought that was appropriate. But merely to say I want to amend if I'm going to lose my motion to dismiss is not an appropriate way to raise that. Can you, I don't know that you've addressed, I mean you addressed that regardless of whether there is such a thing as state-created danger that you should win. Do you want to address whether there should or should not be such a thing as state-created danger? Yes, thank you. I don't think there should be such a thing as state-created danger on any case I've seen so far, but certainly I don't believe it should be this kind of case. And certainly it's not clearly established law, so we certainly couldn't have any suggestion that any officer here is not entitled to qualified immunity. But in Pearson, we can do either prong, and at some point it might be appropriate for us to say what the law is in this circuit on this. Maybe this is not the right case, maybe it's another case not too long, but maybe it's a case a long time down the path, or maybe we'll never say it, but the Pearson gives us that discretion. So tell us why we shouldn't say that there's such a thing as state-created danger. I can't tell you that you shouldn't say that there's no state-created danger in an appropriate circumstance, which I've not seen yet, but I do know it's certainly not an appropriate circumstance in this case where we have County of Sacramento versus Lewis expressly stating that the officer's conduct was constitutional. So if they were to make a state-created danger claim and say, okay, although the Supreme Court has said this is constitutional conduct under the 14th Amendment, just adding a name to it, state-created danger, couldn't possibly do that. If they created a state-created danger claim too, it should do, it should be analyzed like the 14th Amendment due process claims, depending on the source of the conduct, what the actual elements are for that to claim. So in the instance, for example, where the police have taken a person's ability to harm, to take care of himself from them, then that should have one level possibly deliberate indifference, but we should still have the higher standard required as they have in Sacramento versus Lewis that requires an intent to harm with no governmental benefit for the conduct. That should be also a flexible standard that would have to go into the new claim if we invent one. So I don't think we can have a state-created danger claim that conflicts with what the 14th Amendment clearly says according to the Supreme Court. Just one last time back on the state law claims. Under Texas law, police chase causes an accident or is alleged to have caused an accident, then we're assessing whether the police officer was reckless. Am I right that the following factors are all relevant in Texas law? Whether the policeman was driving through a residential neighborhood. Yes. Whether the policeman was exceeding the posted speed limit. Yes. Whether the policeman was doing it contrary to the department manual. I don't believe that goes into the recklessness evaluation. I believe that's the case that said that the department policies are not a law that the officers are required to follow in that situation. Those are just regulations. It doesn't go to the recklessness question. What about the last one I was going to ask about was the nature of the underlying crime? So here, a theft crime. Does that justify a high-speed chase? Is that relevant in the Texas recklessness analysis? Yeah, it would be relevant in the recklessness analysis, but of course this is a felon on a stolen vehicle and also a pursuit. But again, it comes down to what's going on at the time of the accident. Going through the neighborhood is not what caused this accident. So we have all kinds of allegations and the complaint about what happened before we ever get to the accident. And when we get to the accident, we don't have any recklessness going on at the time of the accident. And that's the appropriate time to worry about that. If there'd been an accident in the neighborhood and someone got hit, then we would be talking about what he was doing at that particular time. But that he did that in the neighborhood before the car basically gets a half a block away from him and is driving away, that's not recklessness at that time. And that's the time that's important for causing the actual accident. The question is, did the recklessness, was it the proximate cause of the accident? Not whether he was reckless at some time before the accident. And that's what they're trying to do. They're trying to bootstrap up things that happened in the neighborhood. He drove too fast at this place. But we're supposed to look at the totality, aren't we? We can't just look at the last little second. I thought we learned that from the Supreme Court this year. That we no longer can just look at the last little second and say, well at that very moment, we have to look at the totality. And we learned that in the Barnes v. Felix case. And so we have to look at the whole thing, not just that little blip. You have to look at the totality for the constitutional claim, but not for the state law claim. The state law claim, you're interpreting the statutes, and the statutes say... They let you look at just the little blip in the state law? They look at what proximately caused the accident. Yep, approximate cause is not just the last second. It can be the whole events. I mean, we had that law school, what is proximate cause? And all of the various sundry things that could be proximate cause. But again, we're dealing with the specifics of the Tort Claims Act and the specific requirements under the Tort Claims Act. It has to be a use of the vehicle, reckless use of the vehicle that caused the accident. And I don't see what happened in the neighborhood caused the accident. Thank you. Thank you. So I'd like to begin by answering some of the questions that Judge Higginson had posed about the state law on tort claims. You had asked whether the motion dealt with the issue of waiver and not the emergency exception. I went back and checked the motion. It only states that it's an issue of waiver, which has to deal with immunity. And so to the extent we consider whether or not there is immunity under Texas law, whether or not the police cars made contact is not relevant. We PHI from the Supreme Court of Texas that says the motor vehicle exception is so wide that it can apply even when an unoccupied vehicle hits a helicopter because someone forgot to set the emergency brake because that is considered to be connected to the use of a motor vehicle. So when we're talking about Texas's waiver of sovereign immunity, that is very broad. Um, what about his argument that, uh, in those cases, the officer was exercising control or had control of the vehicle involved in the, in the accident? So Ken Yolosi says that the officers do not need to control the vehicle. It was the same factual situation we have here where it is a chase through a densely populated residential area, you know, high traffic, this, you know, there's all kinds of different considerations to make. So we don't think there is a necessity that the officer actually physically controls the vehicle. Has anybody followed, it's an intermediate appellate decision. Has any other state, Texas appellate court or the Texas Supreme Court followed that? So the San Antonio Court of Appeals, uh, articulated a similar, uh, conception of the immunity doctrine in Mospetto, but then that was overturned on different grounds by the Texas Supreme Court, but the Texas Supreme Court specifics said, we're not going to answer that question. So to the extent that that's persuasive, um, San Antonio has also come out the same way. Before my time ends, I do want to address Lewis and whether Lewis forecloses the applicability of the state created danger doctrine here. We don't believe that it does. Uh, there is a split among the courts of appeals, uh, that do apply the state created danger doctrine in, uh, high speed police chases as this one, as to whether it should categorically apply this intent to harm standard as to all police chases or not. Um, the ninth circuit, for example, applies it to all police chases. The third circuit takes this tiered, three tiered approach that we're advocating, uh, based on, uh, whether the officer or the executive official had time to deliberate. And, and it tracks language from Lewis that states, you know, when you're dealing with a, uh, hyper-pressurized, it doesn't use, Lewis doesn't use the hyper-pressurized, uh, language. The third circuit does, but the third circuit says when you're in a hyper-pressurized environment where there's no real time to think, then the intent to harm standard applies. If you have time for, uh, unhurried judgment, then, uh, a deliberate indifference standard applies. If you're in this intermediate zone where you have time for a hurried judgment, then it's essentially the equivalent of recklessness. It's, did you disregard, consciously disregard a known substantial risk? So, uh, we believe that the third circuit's approach there is correct. Um, especially given that this didn't involve a collision with a suspect or a suspect vehicle, it involved a collision with a bystander, uh, and that Lewis contains language, uh, recognizing that in making a determination whether to pursue or whether to continue a pursuit, uh, injury to bystander and injury to other people on the road, uh, also needs to factor into a police officer's decision-making. So we've talked about the third and the ninth. Can you give us the lay of the land on the other circuits? Do you have something that would help you do that? Or do you know what the first and the second and the fourth? So, and, and I apologize. I have this written down somewhere. But you don't have it handy. I have, well, so I have, in terms of whether it's been decided as clearly established, um, Browder versus the city of Albuquerque in the 10th circuit written by Justice Gorsuch when he was on, judge on that court. Um, I think it recognizes this kind of spectrum approach. Um, I have, it looks like Dean X. Rel. Harkness from the fourth circuit also recognizes the spectrum approach. So in terms of a spectrum approach, those would be the cases that we advocate to the court. Okay. What about a say Lewis precludes it approach? So, uh, ninth circuit in a state of Soakai, uh, does say that, um, it, it is precluded, uh, and you do have to apply the intent to harm standard. Although I will say the ninth circuit's approach is interesting because when they define intent to harm, they consider whether or not there is a legitimate government purpose or, or not. And they, you know, in that particular case, they treated it as, um, a fact issue because there was a question as to whether the police officer had wanted to retaliate against the suspect as opposed to, uh, merely engage in a high-speed chase. I see that my time has expired. So, uh, unless the court has any further questions, we respectfully ask, um, that the judgment be reversed. Thank you. Thank you. We appreciate the very helpful arguments today and the cases submitted. The court will stand in recess pursuant to the usual order.